**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DILU M. SUBBA, *as Next Friend of S.S.,*      )
*a minor*, and DILU M. SUBBA and              )
SUK R. SUBBA *as Natural Parents of S.S.,*    )
*individually*,                               )
                                              )
      Plaintiffs,               )
                                              )
    vs.                             )        Case No. 4:25-cv-00831-MTS
                                              )
UNITED STATES OF AMERICA,                     )
                                              )
      Defendant.                )

**MEMORANDUM AND ORDER**

Plaintiffs' child sustained serious injuries during his birth at a federally funded healthcare facility.  Plaintiffs later brought this action under the Federal Tort Claims Act (FTCA) asserting a claim on behalf of their son (Count I) and their own claim (Count II) against the United States.  This matter now is before the Court on the United States's Motion to Dismiss, Doc. [7], and Motion to Strike Jury Demand, Doc. [9].  After a complete review of the briefing and due consideration, the Court will grant the Motion to Dismiss in part and deny it in part and grant the Motion to Strike Jury Demand.  This case will proceed only on Count II of Plaintiffs' claims and will be tried, if at all, at a bench trial.

\*

Defendant's Motion to Dismiss first asserts that Plaintiffs' Complaint is subject to dismissal because Plaintiffs failed to comply with Mo. Rev. Stat. § 538.225, which requires the filing of an affidavit by a health care provider certifying the merit of certain cases.  Doc. [7] at 1–3.  After Defendant filed its Motion, Plaintiffs timely complied with the statute, *see*

Doc. [15], which Defendant acknowledges, Doc. [16] at 1.  The Court, therefore, will deny the Motion to Dismiss as to that ground.

Defendant's second argument—that Plaintiffs failed to properly exhaust their administrative remedy, requiring dismissal of Count I—is well taken.  The FTCA, by "waiv[ing] aspects of the government's sovereign immunity," *Knezovich v. United States*, 82 F.4th 931, 936 (10th Cir. 2023), "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred," *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001).  But this waiver of sovereign immunity is "subject to certain requirements."  *Roe v. United States*, 839 F. App'x 836, 842 (5th Cir. 2020) (per curiam).  One of those requirements is exhaustion through presentment of the claim to the correct Federal agency.

More precisely, the FTCA provides that an action shall not be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."  28 U.S.C. § 2675(a).  *See also Spriggs v. United States*, 132 F.4th 376, 379 (5th Cir. 2025) (recognizing that "presentment is a jurisdictional prerequisite" under the FTCA).  In *Mader v. United States*, the U.S. Court of Appeals for the Eighth Circuit held "that a properly 'presented' claim under § 2675(a) must include evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law."  654 F.3d 794, 803–04 (8th Cir. 2011) (en banc).

*Mader* dealt with a widow who pursued a claim against the United States under the FTCA via Nebraska's wrongful death statute.  *Id.* at 798–99.  While the instant case involves medical negligence under Missouri law, Defendant argues that *Mader* required Plaintiffs,

- 2 -

who are the natural parents of the injured child, to provide evidence to the agency that Plaintiffs could act on behalf of their minor child.  The Court agrees.

Missouri state law generally requires court appointment of a next friend before a minor's tort claim may be commenced or settled.  *See* Mo. Rev. Stat. § 507.110 (providing by whom "[s]uits by infants" may be "commenced and prosecuted"); *id.* at § 507.184.2 (providing that a next friend has "the power and authority to contract on behalf of the minor for a settlement of the minor's claim, action or judgment").  *But see id.* at § 436.700.2 (providing that a "person having legal custody of a minor may enter into a settlement agreement with any person or entity against whom the minor has a claim" if, *inter alia*, the amount of the claim "is thirty-five thousand dollars or less").  The requirement to be appointed as next friend applies even to natural parents.  *See C.D.G. ex rel. Green v. Green*, 691 S.W.3d 342, 346 (Mo. Ct. App. 2024).  Thus, under Missouri law, "a parent cannot bargain away a minor's right to bring a civil action against an alleged tortfeasor without being duly appointed."  *Y.W. ex rel. Smith v. Nat'l Super Markets, Inc.*, 876 S.W.2d 785, 789 (Mo. Ct. App. 1994).

Under a plain application of the Eighth Circuit's holding in *Mader*, Plaintiffs did not present proper evidence of their authority to act on behalf of their minor child because they did not present evidence to the agency that they had been appointed as next friends for their child's five-million-dollar claim.  *See* Doc. [8-1] at 1.  Much like the plaintiff in *Mader*, whose claim could "*only* 'be brought by and in the name of the [decedent's] personal representative,'" *Mader*, 654 F.3d at 801, Plaintiffs' minor child's claim could *only* be "commenced and prosecuted" by Plaintiffs *if* they were appointed as next friend, Mo. Rev. Stat. § 507.110.  In *Mader*, it made no difference that the plaintiff "could have applied for

- 3 -

reappointment as personal representative," *Mader*, 654 F.3d at 814 (Bye, J., dissenting), much like Plaintiffs here could have applied—and indeed now have applied—to be their child's next friend for this claim. Plaintiffs offer no persuasive reason why *Mader* should not extend to Missouri's next-friend requirement for a minor's claim. In fact, *Mader* itself seems to have anticipated its broader application. *See Mader*, 654 F.3d at 803 (noting it may "extend beyond the wrongful death context" since "FTCA claims involv[e] questions of age, competency and numerosity, among others" and "will often require the appointment of an agent or trustee"); *cf. id.* at 809 (Bye, J., dissenting) (predicting that the majority's holding would "deprive" plaintiffs in "many future cases of the remedy under the Federal Tort Claims Act").

What is more, every district court that has considered the issue to date has applied *Mader*. In a factually indistinguishable case to the one at bar, Judge Cohen of this Court found *Mader* controlled and granted the United States's motion to dismiss. *Pipes as Next Friends for C.P. v. Kirksville Mo. Hosp. Co.*, 2:22-cv-0047-PLC, 2022 WL 17829892, at *4–6 (E.D. Mo. Dec. 21, 2022). The *Pipes* decision was in harmony with a case from the U.S. District Court for the Western District of Missouri where Judge Harpool applied *Mader*. *E.M. ex rel. Benitez v. United States*, 2:19-cv-4221-MDH, 2020 WL 6947681, at *2–3 (W.D. Mo. Nov. 25, 2020) (noting the "Eighth Circuit has been clear on the issue in *Mader*"). And more recently, Judge Kays of that District has concluded the same. *Tucker v. United States*, 4:23-cv-0217-DGK, 2024 WL 2805318, at *2 (W.D. Mo. May 31, 2024) (holding joinder of minors was futile because their claims were not properly presented to the USPS and rejecting the argument that representation by counsel or their natural mother sufficed).

- 4 -

All told, everything this Court has seen shows *Mader*'s holding applies, and Plaintiffs Count I accordingly must be dismissed.  Though this result may seem a "harsh and unfortunate" one, *see E.M.*, 2020 WL 6947681, at *3; *accord Eagle v. United States*, 692 F. Supp. 3d 864, 879 (D.S.D. 2023) ("wish[ing] the result could be different" but finding it "must follow" *Mader*), Congress has chosen to waive its sovereign immunity only in the limited ways it has allowed, *see Beers v. Arkansas*, 61 U.S. (20 How.) 527, 529 (1857) ("[A]s this permission is altogether voluntary on the part of the sovereignty, it follows that it may prescribe the terms and conditions on which it consents to be sued . . . .").  The Eighth Circuit—sitting en banc—has held that the FTCA's presentment requirement calls for proof of one's authority to represent the claimant.  *Mader*, 654 F.3d at 803–04.  Providing such proof, it has explained, "is not a pointless administrative hurdle—it is fundamental to the meaningful administrative consideration and settlement process contemplated in §§ 2675(a) and 2672."  *See id.* at 803–04.  Additionally, the Eighth Circuit has not recognized any "extenuating circumstances exception" for the presentment requirement, *see After v. United States*, 511 F. App'x 596, 597 (8th Cir. 2013) (per curiam), and Plaintiffs have not identified one.  This Court, therefore, will grant Defendant's Motion as to this ground and dismiss Count I for lack of subject matter jurisdiction.  Since Count I will be dismissed, the Court will deny Plaintiffs' Motion for Appointment of Next Friend, Doc. [11], as moot.

Finally, Defendant's Motion to Strike Jury Demand, Doc. [9], is also well taken.  *See Buchanan v. United States*, 305 F.2d 738, 740 (8th Cir. 1962) (Blackmun, J.) (citing 28 U.S.C. § 2402).  Indeed, Plaintiffs themselves consent to the Motion, Doc. [14] at 1, and the Court will grant it.

- 5 -

* * *

In sum, Plaintiffs timely complied with Mo. Rev. Stat. § 538.225, allowing them to move forward with this action.  But, under controlling Eighth Circuit precedent, Plaintiffs did not properly exhaust their claim for their minor child in Count I, meaning the Court must dismiss it for lack of subject matter jurisdiction.  Count II—Plaintiffs' claim for loss of services during their son's minority along with the expenses of his treatment—remains.  Because all now agree that this claim should be tried to the Court and not a jury, the Court will strike Plaintiffs' jury demand.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [7], is **GRANTED** in part and **DENIED** in part, consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Jury Demand, Doc. [9], is **GRANTED**.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion for Appointment of Next Friend, Doc. [11], is **DENIED** as moot.

Dated this 23rd day of March 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 6 -